L. J. RUNNELS, Plaintiff,

v.

The CITY OF DOUGLAS, ALASKA, a Municipal Corporation, and A. J. Balog, Defendants.

No. 6824-A.

District Court, Alaska
First Division, Juneau.

Oct. 16, 1954.

George Toulouse, Jr., and William L. Paul, Jr., Seattle, Wash., for plaintiff.

Faulkner, Banfield & Boochever, Juneau, Alaska, for defendants.

FOLTA, District Judge.

 Assuming that the evidence alleged to be newly discovered was in fact such, it is yet insufficient to warrant a new trial because it is almost entirely cumulative and impeaching and otherwise such as would merely accentuate the conflict in the testimony.

 The remaining contentions resolve themselves into the question whether there is any substantial evidence in support of the Court's finding that the defendant Balog was negligent in not seeing the loop of hose hanging down from the scaffold. The defendants argue that it may be inferred that the loop was allowed to drop into the path of

Balog's truck just as it was about to pass under the scaffold \* \* \* · too late for Balog to have seen it in the exercise of ordinary care. This is, of course, a possibility, but hardly a probability. The reasonable inference is that the loop was clearly visible, that it was in line with Balog's vision, and that it was negligence on his part not to see it. In this connection it would appear that the defendants have overlooked in their argument the fact that implicit in the defense of contributory negligence is the admission of primary negligence. Even though it should be found that Ashley was negligent in allowing the loop to form beneath the scaffold where it might become fouled with passing cars, it would avail the defendant nothing because then the situation became one to which the doctrine of last clear chance applied.

I am of the opinion, therefore, that the motion for a new trial must be denied. However, after reviewing the evidence, I am convinced that in finding that Ashley's earning capacity had been reduced from $5,600 to $3,500 a year, I failed to give due weight to the fact that the reduction in his earnings for 1954 was due, not so much to his physical disability, as to the lack of continuous employment. Thus it appears that in some jobs Ashley's rate of pay was as great as before the injury, and indeed defendants' argument that his earning power has not been impaired is based largely on this fact. This, however, overlooks the testimony of Ashley that while he is able to carry on his occupation as welder as before, where the place of work is such that his spastic condition is not a handicap, he is not able to engage in that employment where the place furnished him requires the full use of his legs and feet. In this state of the evidence, I find that his earning capacity has been permanently reduced by 25%, and that his earning capacity is $4,200 a year, from which it follows that the plaintiff is entitled to recover the sum of $1,400 for loss of earnings by Ashley for 1954 and $21,304.25 \* \* \* the

present worth of $39,200 \* \* \* for loss of future earnings for the period of Ashley's life expectancy of 28 years, computed at $1,400 a year.

The contention that a deduction should be made for income tax is untenable in view of what the Court said in Southern Pacific Co. v. Guthrie, 9 Cir., 180 F.2d 295, 302, note 7. This results in reducing the amount previously awarded from $45,622 to $35,083.25.

The judgment may be amended accordingly.